McGREGOR W. SCOTT
United States Attorney
CAROLYN K. DELANEY
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2798

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-S-05-315 GEB |
|  | ) |  |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
|  | ) | FORFEITURE |
| v. | ) |  |
|  | ) |  |
| JONATHAN R. HASSLER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Jonathan R. Hassler, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 18 U.S.C. § 2253, the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a.  Dell 5150 Laptop, serial number CN-QW0940-12961-43M-7794.

2.  That the above-listed property constitutes or is traceable to gross profits or other proceeds the defendant obtained directly or indirectly as a result of violations of 18 U.S.C. § 2252(a)(2);

and was used or intended to be used in a manner or part to commit and to promote the commission of the aforementioned violations, all in violation of 18 U.S.C. § 2253.

    3.    That pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described property. The aforementioned property shall be seized and held by the United States, in its secure custody and control.

    4.    a.    Pursuant to 18 U.S.C. § 2253(m)(1) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Modoc County Record</u> (Modoc County), newspaper of general circulation located in the county in which the above-described property was seized, notice of this Order, notice of the Attorney General's and/or Secretary of Treasury's intent to dispose of the property in such manner as the Attorney General and/or the Secretary of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

        b.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

        c.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an

1  interest in the property that is the subject of the Order of
2  forfeiture, as a substitute for published notice as to those persons
3  so notified.
4      5.  If a petition is timely filed, upon adjudication of all
5  third-party interests, if any, this Court will enter a Final Order
6  of Forfeiture pursuant to 18 U.S.C. § 2253 in which all interests
7  will be addressed.
8      IT IS SO ORDERED.
9  Dated:  February 1, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge